UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY G. GILL,

                                    Plaintiff,


                    v.                                          **Hon. Hugh B. Scott**

                                                                    03CV98
                                                                  (CONSENT)

ALAN ERICKSON, et al.,                                            **Order**

                                    Defendants.


        Before the Court is defendants Alan Erickson and Jeffrey Perry's joint motion for

judgment on the pleading dismissing the case as to them (Docket No. 45).  The parties consented

to proceed before the undersigned as Magistrate Judge on August 19, 2003 (Docket No. 16).

                                    **BACKGROUND**

        Plaintiff "no stranger to this court or to civil rights litigation generally," Gill v. Hoadley,

261 F. Supp. 2d 113, 117 (N.D.N.Y. 2003)[1], commenced this action against various New York

State Department of Correctional Services ("DOCS") employees at the Elmira Correctional

Facility ("Elmira"), initially in the United States District Court for the Northern District of New

York.  (Docket No. 1, Compl.)  This action was transferred to this Court and, upon his motion to

_____

        [1]A cursory review of published decisions of cases filed by plaintiff includes ten decisions
for claims arising in seven different Department of Correctional Services facilities.  Among these
cases are three other cases in which plaintiff alleges unconstitutional exposure to second-hand
tobacco smoke at two facilities.  Gill v. Calescibetta, No. 9:00CV1553 (N.D.N.Y. Sept. 10,
2003) (copy attached Docket No. 43, Ex. A) (Auburn Correctional Facility); Gill v. Smith, 283 F.
Supp. 2d 763 (N.D.N.Y. 2003) (Auburn Correctional Facility); Gill v. Bracey, No. 99 Civ.
10429, 2001 U.S. Dist. LEXIS 9875 (S.D.N.Y. July 11, 2001) (Woodbourne Correctional
Facility).

proceed in forma pauperis, the Court dismissed most of plaintiff's claims (Docket No. 8), leaving only claims against defendants Erickson and Perry for exposing plaintiff to environmental tobacco smoke ("ETS") while housed in Elmira's H-Block in March 2002[2] and against defendant Matthew Porter for forcing plaintiff (despite his medical condition) to move his own property from one cell block to another on March 22, 2002 (see Docket No. 44, Defs. Memo. of Law at 2).

Pertinent to the present motion is plaintiff's ETS claim.  (Docket No. 1, Compl. ¶¶ 5, 6, 8, 55.)  Plaintiff complains there that, during his confinement in the special housing unit at Elmira, he was exposed to high levels of toxic second-hand smoke due to other inmates being allowed to smoke while in that unit.  This smoking was in violation of DOCS's regulations against indoor smoking, causing plaintiff various physical injuries.  (Id. ¶ 6.)  On March 8, 2002, plaintiff met with defendant Erickson about the smoking in the top gallery of the special housing unit where plaintiff then was housed (id. ¶ 8).  Plaintiff stated that he suffered from chronic asthma.  Erickson told plaintiff to file a grievance.  (Id.)  He alleges in the fifth and sixth causes of action that defendants Erickson and Perry violated plaintiff's Eighth and Fourteenth Amendment rights by failing to enforce DOCS indoor smoking ban (id. ¶ 55).

Plaintiff eventually served defendant Porter (see Docket Nos. 36, 38, 39, 40) and Porter answered (Docket No. 41).  He did not join in the present motion.

---

[2]Plaintiff insists that his claim also includes ETS exposure in other cell blocks.  Docket No. 47, Pl. Reply Aff. ¶ 4 n.1.  But claims arising in other cell blocks were dismissed by this Court.  Docket No. 8.

*The Present Motion*

Defendants Erickson and Perry now move for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c).  (Docket No. 45[3].)  Accepting plaintiff's allegations as true for argument purposes under Rule 12(c) (Docket No. 44, Defs. Memo. at 2), these defendants contend that plaintiff fails to state a claim regarding second-hand smoke because he did not describe the quantity of ETS to which he was exposed (id. at 4).  Defendants compared plaintiff's present allegations to those he made other cases, Gill v. Bracey, supra, 2001 U.S. Dist. LEXIS 9875; Gill v. Calescibetta, supra, No. 9:00CV1553 (N.D.N.Y. Sept. 10, 2003) (copy attached Docket No. 43, Ex. A), and conclude that plaintiff was not exposed to ETS as long as he alleged in the other cases (which rejected similar second-hand smoke constitutional claims).  In this case, plaintiff was in H-Block from March 5 to 12, 2002, or 192 hours of maximum exposure to smoke.  (Id. at 5) In Bracey, plaintiff alleged he was exposed to 270 hours of exposure to smoke and that court had rejected his Eighth Amendment claim (id.).  Alternatively, defendants argue that they enjoy qualified immunity.  (Id. at 5-6.)

Plaintiff repeats his allegations that defendants exposed him to second hand smoke in additional cell block special housing units, all in violation of corrections regulations (Docket No. 47).  He argues that there are material issues of fact precluding entry of judgment for these defendants and, if proven at trial, would entitle plaintiff to judgment (id. ¶¶ 2-3).  Defendants, given the policy against indoor smoking in prison facilities, were deliberately indifferent when

---

[3]In support of this motion, defendants submitted an attorney's affidavit, Docket Nos. 42, 43, and memorandum of law, Docket No. 44.

they allowed other special housing unit inmates to smoke in those units when plaintiff was housed there (id. ¶¶ 14-16).

The Court scheduled responses to be due by April 29, 2005, reply by May 16, 2005.  The motion was deemed submitted as of May 16.  (Docket No. 46.)

**DISCUSSION**

I.      Judgment on the Pleadings Standard

A motion for judgment on the pleadings under Rule 12(c) is governed by the standard similar to that for a motion to dismiss for failure to state a claim under Rule 12(b)(6), wherein the Court accepts as true all allegations in the Complaint and draws all inferences in favor of the non-movant, here plaintiff.  Wynn v. Welch, 941 F. Supp. 28, 29 (N.D.N.Y. 1996) (Pooler, J.); see Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985).  As under Rule 12(b)(6), the Court cannot render a judgment on the pleadings dismissing a complaint under Rule 12(c) unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Like a Rule 12(b)(6) motion, a Rule 12(c) motion is addressed to the face of the pleading.  The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference.  Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).  However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

While complaints by <u>pro se</u> litigants must be held to less stringent standards than those drafted by attorneys, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), a <u>pro se</u> plaintiff still must assert a cognizable claim and allege facts that, if true, would avoid a motion to dismiss, <u>see</u> <u>Boddie v. Schneider</u>, 105 F.3d 857, 860 (2d Cir. 1997) (<u>see</u> Docket No. 47, Pl. Reply Aff. ¶ 19), or, here, a motion for judgment on the pleadings.

II.     Eighth Amendment Environmental Tobacco Smoke Claims

A.     Standard

In one of the cases where this plaintiff also alleged violation of his Eighth Amendment rights due to exposure to ETS, the court set forth the following constitutional standard:

> "To establish an Eighth Amendment violation, a plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials acted with 'deliberate indifference.' <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citations omitted). To establish deliberate indifference, a plaintiff must demonstrate that prison officials actually knew of and disregarded an excessive risk of harm to his health and safety. <u>See</u> <u>id.</u> at 837.
>
> "Specifically, in the case of exposure to environmental tobacco smoke ('ETS'), a plaintiff must satisfy the objective prong of an Eighth Amendment claim by showing that he was exposed to unreasonably high levels of ETS. <u>See</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 35 (1993). Determining the objective factor 'requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS.' <u>Id.</u> at 36. The court also must assess 'whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose <u>anyone</u> unwillingly to such a risk.' <u>Id.</u>
>
> "In addition to the objective prong, a plaintiff must satisfy the subjective requirement of an Eighth Amendment claim by showing that the defendant was deliberately indifferent to the plaintiff's medical needs or safety in exposing him to ETS, 'determined in light of the prison authorities' current attitudes and conduct[.'] <u>Id.</u>
>
> "In <u>Helling</u>, the plaintiff alleged that he was assigned to a cell with an inmate who smoked five packs of cigarettes per day and further asserted a variety of health problems allegedly caused by his exposure to ETS. <u>See</u> <u>Helling</u>, 509 U.S. at 28. Based upon these facts, the Supreme Court held that the plaintiff

5

> had stated a valid cause of action under the Eighth Amendment and that there
> were issues of fact regarding both the subjective and objective elements required
> to prove an Eighth Amendment violation that precluded summary judgment. See
> id. at 35."

Gill v. Smith, 283 F. Supp. 2d 763, 766-67 (N.D.N.Y. 2003).  For the objective prong, the inmate

needs to show that "the risk of which he complains is not one that today's society chooses to

tolerate."  Helling, supra, 509 U.S. at 36.

    B.    Analysis

Defendants rely upon Bracy and its holding that plaintiff failed to allege facts to sustain

the objective or subjective elements of his Eighth Amendment claim since the four and a half

hours a day for two months he was exposed to ETS was held to not rise to the level of

unconstitutional cruel and unusual punishment, Bracy, supra, 2001 U.S. Dist. LEXIS 9875, at

*12 (granting summary judgment).  They do not cite another case involving this plaintiff which

denied summary judgment, Gill v. Smith, supra, 283 F. Supp. 2d 763.  Smith is distinguishable

from the case at bar because that was a summary judgment motion and the court there held that

issues of fact existed as to whether defendant smoked while on duty in front of plaintiff and the

level of ETS plaintiff was exposed to.  Id. at 767, 769.  Defendants here move for judgment on

the pleadings and concede, for purposes of this motion, the facts alleged are true.

The issue here is whether (accepting the allegations as true) plaintiff alleges a claim.  The

moving defendants contend that plaintiff's exposure to ETS in this case (192 hours) is less than

the exposure alleged in Bracey, of 270 hours, see Bracey, supra, 2001 U.S. Dist. LEXIS 9875, at

*12, which was dismissed on summary judgment.  It also was less than the aggregate exposure

alleged by this plaintiff in <u>Gill v. Calescibetta</u>, <u>supra</u>, No. 9:00CV1553, at 9 (Docket No. 43, Ex. A), of exposure for eight hours a day, five days a week, for one month.

Plaintiff argues that his <u>Calescibetta</u> case is currently on appeal and should be given no weight by this Court (Docket No. 47, Pl. Reply Aff. ¶¶ 17-18).  He does not comment upon defendants' reliance upon <u>Bracey</u> or state its subsequent procedural history.  This Court, however, finds <u>Calescibetta</u> and <u>Bracey</u> to be persuasive; the level of exposure to ETS alleged here is not sufficient to rise to the level of cruel and unusual punishment, <u>see</u> <u>Bracey</u>, <u>supra</u>, 2001 U.S. Dist. LEXIS 9875, at *10-15; <u>Calescibetta</u>, <u>supra</u>, No. 9:00CV1553, at 8-9 (Docket No. 43, Ex. A).  Nor does plaintiff provide scientific inquiry into the severity of harm he suffered from ETS, despite the DOCS policy against it.  Given the comparative lack of severity of plaintiff's claim arising from Elmira's special housing unit as opposed to those plaintiff alleged in <u>Bracey</u> and <u>Calescibetta</u>, plaintiff failed to allege the objective prong of an Eighth Amendment ETS claim, despite the issue of fact plaintiff may have raised as to the subjective prong of that claim.[4]  On this basis, this claim against defendants Erickson and Perry is **dismissed**.

III.    Qualified Immunity

Alternatively, the moving defendants argue that they should enjoy qualified immunity. When confronted by a claim of qualified immunity, one of the first questions for the Court to resolve is do the facts, taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right.  <u>See</u> <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).

---

[4]Plaintiff alleges that he separately informed the moving defendants about his asthma, the secondhand smoke, Docket No. 1, Compl., ¶ 6 n.1, ¶ 8.  <u>Cf.</u> <u>Bracey</u>, <u>supra</u>, 2001 U.S. Dist. LEXIS 9875, at *14 n.11, alternatively finding that defendants did not have sufficiently culpable state of mind for the subjective prong where plaintiff never told them of his sensitivity to ETS.

As required by the <u>Saucier</u> Court, this Court first considered (above) the constitutional question, then considered the qualified immunity question, <u>id.</u> The discussion above indicates whether a constitutional violation occurred, and no such violation has been found here.

Government officials performing discretionary functions generally are shielded by qualified immunity from liability in their individual capacities, <u>see</u> <u>Frank v. Reilin</u>, 1 F.3d 1317, 1327 (2d Cir. 1993), "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). It is unclear whether a prison regulation, such as DOCS's smoking ban, by itself constitutes a "clearly established" right for qualified immunity purposes. <u>See</u> <u>Abraham v. Servoss</u>, No. 87 Civ. 4640, 1991 U.S. Dist. LEXIS 5835, at *9 n.5 (S.D.N.Y. May 2, 1991); <u>see also</u> <u>Young v. Scully</u>, No. 91 Civ. 4332 (et al.), 1993 U.S. Dist. LEXIS 3447, *11-12 (S.D.N.Y. Mar. 22, 1993) (regulation found to have mandatory and permissive language, hence ambiguous for "clearly established" rights purposes). "If it was objectively reasonable for the defendant to believe that his act did not violate the plaintiff's constitutional rights, the defendant may nevertheless be entitled to qualified immunity." <u>Anderson v. Creighton</u>, 483 U.S. 635, 641 (1987); <u>Lowth v. Town of Cheektowaga</u>, 82 F.3d 563, 568-69 (2d Cir. 1996).

Defendants note that courts in the Second Circuit have not applied <u>Helling</u> as a bright-line standard for corrections officer regarding ETS, since that particular case is so severe (Helling was double-celled with a five-pack-a-day smoker, <u>Helling</u>, <u>supra</u>, 509 U.S. at 28) that it cannot be used as the clearly established standard. <u>See</u> <u>Davidson v. Kelly</u>, No. 96-2816, 1998 U.S. App. LEXIS 3230, at *11 (2d Cir. Feb. 27, 1998) (summary order). (Docket No. 44, Defs. Memo. at 5-6.) The Supreme Court in <u>Helling</u> expressly did not adopt a bright-line test for determining the

severity of exposure to ETS to have a constitutional violation, see Bracey, supra, 2001 U.S. Dist. LEXIS 9875, at *12 (quoting Ahlers v. Goord, No. 00CV1221, 2001 U.S. Dist. LEXIS 4639, at *11 (E.D.N.Y. Feb. 16, 2001)); see also Helling, supra, 509 U.S. at 35.  Given this lack of a clear standard and the level of exposure alleged here, defendants conclude that they should enjoy qualified immunity (id.).

Plaintiff contends that he alleged sufficient facts to deny defendants judgment as well as qualified immunity (Docket No. 47, Pl. Reply Aff. ¶ 20).

Given the earlier conclusion that plaintiff has not suffered from cruel and unusual punishment at the hands of these defendants and the uncertainty of the level of ETS that an inmate has to endure before rising to a constitutional violation, the moving defendants alternatively enjoy qualified immunity and the claims against them are **dismissed** on this ground as well.

## CONCLUSION

For the reasons stated above, defendants Alan Erickson and Jeffrey Perry's motion for judgment on the pleading (Docket No. 45) dismissing the case as against them is **granted**.  The Court Clerk should terminate these defendants as parties in this action.  These defendants' request for a stay pending determination of this motion is deemed **moot**.  Note, plaintiff still has a claim remaining against defendant Matthew Porter.

So Ordered.

_____
s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       May 27, 2005